UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KIM BRIAN WOERNER,

        Plaintiff,

v.                         Case No. 3:18-cv-261-J-25JRK

FLORIDA DEPARTMENT OF CORRECTIONS,
et al.,

        Defendants.

---

## **ORDER**

Plaintiff initiated this case by filing a pro se Civil Rights Complaint pursuant to 42 U.S.C. § 1983. He is currently proceeding on an Amended Complaint (Doc. 9), in which he alleges that he suffers from the Hepatitis C virus ("HCV") "and its serious life-threatening complications: Fibrosis of the liver." Amended Complaint at 2. He contends, <u>inter alia</u>, that he has not received appropriate medical care, which has allowed this infection "to progress from the stage of Chronic HCV, to at least the bare minimal Stage #1 Fibrosis of the liver, possibly even further along than that, as the Needle Liver Biopsy was not totally conclusive." <u>Id.</u> He seeks declaratory and injunctive relief as well as monetary damages.

Plaintiff filed a Motion for a Preliminary Injunction and/or Protective Order (Doc. 25) on June 5, 2018, pursuant to the mailbox rule. Defendants Julie L. Jones, Thomas Reimers, and Michelle Schouest filed a Response in opposition and a Motion to Stay (Doc. 38). Defendants Jones, Reimers, and Schouest subsequently filed a Motion to Dismiss or Motion to Stay or Join with Related Lawsuit (Doc. 49). Defendant Corizon filed a Response in Opposition to Plaintiff's Motion for Preliminary Injunction (Doc. 33). This Court appointed counsel to represent Plaintiff and directed Plaintiff to file a reply with respect to his Motion for Preliminary Injunction and a response to the Defendants' request for a stay. See Orders (Docs. 40, 41). Plaintiff, through counsel, complied with the Court's instructions. See Plaintiff's Reply to Defendants' Response to Plaintiff's Motion for Preliminary Injunction and Response in Opposition to Motion to Stay (Doc. 52).

The remaining Defendants have now appeared in this case. Defendants' Centurion of Florida, LLC, Dr. C. Haddad, and Dr. A. Ladele also request that this case be stayed. See Defendants Centurion and Haddad's Motion for Transfer of Venue and for Stay of Proceedings or in the Alternative for Extension of Time to Respond to Amended Complaint (Doc. 48) and Defendant Ladele's Motion to Stay Proceedings or Alternatively Motion for Extension

of Time (Doc. 51). Defendant Corizon filed a Motion to Dismiss (Doc. 54).

**Defendants' Requests to Stay**

Defendants requests that this case be stayed pending resolution of a case filed in the United States District Court for the Northern District of Florida: Hoffer v. Jones, No. 4:17-cv-214-MW/CAS (N.D. Fla.). In Hoffer, the district court certified a class defined as all current and future prisoners in the custody of the Florida Department of Corrections (FDOC) who have been diagnosed, or will be diagnosed, with chronic HCV. Doc. 38 at 6-7. The district court, after an extensive evidentiary hearing, entered a preliminary injunction regarding the FDOC's assessment and treatment of prisoners with Hepatitis C, and directed the FDOC to file monthly status reports regarding its progress in complying with the injunction. The injunction has been modified and renewed several times. The Hoffer case is currently at the summary-judgment stage. A review of that court's docket shows that the plaintiffs filed a motion for summary judgment on June 22, 2018; the defendant filed a response on August 17, 2018; and the plaintiffs filed a reply on August 31, 2018. Here, Defendants seek a stay of this proceeding pending resolution of the Hoffer case, as the issues in that case may resolve and/or change some of the issues in this case.

Upon review of the file, the Court finds it appropriate to stay this case pending resolution of the <u>Hoffer</u> case. The <u>Hoffer</u> case addresses the FDOC's evaluation and treatment of inmates with HCV. Thus, Plaintiff's HCV is being monitored and assessed in accordance with the <u>Hoffer</u> injunction. Resolution of the <u>Hoffer</u> case may moot and/or clarify some of Plaintiff's claims and requests for relief. And as the <u>Hoffer</u> case has already reached the summary-judgment stage, the delay caused by a stay in this case should not be significant. Therefore, the Defendants' requests for a stay will be granted.

**<u>Plaintiff's Motion for Preliminary Injunction and/or Protective Order</u>**

In Plaintiff's Motion, he requests, <u>inter alia</u>, that the Court direct Defendants FDOC, Jones, and Centurion to "(a) re-formulate, implement and administer a Hepatitis C treatment Policy, Protocol, Procedure, Practice and Custom that is equal with and meets the current prevailing Community Standard of Care . . .; (b) that [Plaintiff] be immediately treated with the medically necessary and appropriate direct-acting antiviral drug(s) . . . ; [and] (c) that [Plaintiff] receive, after his successful treatment cure is achieved, ongoing monitoring and medical care . . . ." Doc. 25 at 59. He also requests a protective order enjoining Defendants "from taking any action to interfere with Plaintiff's right to maintain

4

this action, or from retaliating in any way against Plaintiff for bringing this action." Id. at 60.

> A [temporary restraining order (TRO)] or preliminary injunction is appropriate where the movant demonstrates that:
>
>> (a) there is a substantial likelihood of success on the merits;
>>
>> (b) the TRO or preliminary injunction is necessary to prevent irreparable injury[1];
>>
>> (c) the threatened injury outweighs the harm that the TRO or preliminary injunction would cause to the non-movant; and
>>
>> (d) the TRO or preliminary injunction would not be a[d]verse to the public interest.

Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1034-35 (11th Cir. 2001) (per curiam) (citation and footnote omitted). Such injunctive relief "is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries [his] burden of persuasion on each of these prerequisites."

---

[1] The Eleventh Circuit has "emphasized on many occasions, the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" Siegel v. LePore, 234 F.3d 1163, 1176-77 (11th Cir. 2000) (per curiam) (quoting Northeastern Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville, 896 F.2d 1283, 1285 (11th Cir. 1990)).

GeorgiaCarry.Org, Inc. v. U.S. Army Corps of Engineers, 788 F.3d 1318, 1322 (11th Cir. 2015) (quotations and citation omitted).

Plaintiff is a member of the Hoffer class, where a preliminary injunction regarding evaluation and treatment of inmates with HCV has been entered. The Northern District continues to monitor the FDOC's compliance with the terms of the injunction. Plaintiff benefits from the enactment and enforcement of that injunction, and thus, there is no need for this Court to enter an injunction as requested by Plaintiff. While Plaintiff may desire different or faster treatment, given the Hoffer injunction that is already in place, Plaintiff has not shown that he will suffer irreparable injury if this Court does not issue an injunction regarding the assessment and treatment of his HCV. Therefore, Plaintiff's Motion is due to be denied.

Accordingly, it is

**ORDERED:**

1.    Plaintiff's Motion for a Preliminary Injunction and/or Protective Order (Doc. 25) is **DENIED.**

2.    Defendant Corizon's Second and Third Motions for Enlargement of Time to Respond to the Amended Complaint (Docs. 50, 53) are **GRANTED,** and Defendant Corizon's Motion to Dismiss the Plaintiff's Amended Complaint (Doc. 54) is **ACCEPTED as timely filed.**

6

3.    Defendants' requests for a stay (Docs. 38, 48, 49, 51) are **GRANTED** to the extent that this case is **STAYED** pending resolution of the Hoffer case.

4.    Defendants Julie L. Jones, Thomas Reimers, Michelle Schouest, and Corizon's Motions to Dismiss (Docs. 49, 54) are **DENIED without prejudice** to refiling after the stay is lifted.

5.    All other requests for relief in Docs. 48, 49, and 51 are **DENIED**.

6.    The Clerk shall **ADMINISTRATIVELY CLOSE** this case pending further Order.

7.    The parties shall file a notice within **14 days** of the final resolution of the Hoffer case advising this Court of the result. Once the stay is lifted, the Court will set appropriate deadlines.

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of October, ~~September,~~ 2018.

UNITED STATES DISTRICT JUDGE

JAX-3 9/26
c:
Counsel of Record

7